**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Thomas James Rogers,

Plaintiff,

v.

RTX Corporation,

Defendant.

No. CV-24-00519-TUC-RM

**ORDER**

Plaintiff, who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) and paying the filing fees (Doc. 2). Plaintiff later filed a First Amended Complaint ("FAC") as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. 13.) Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 16.) Plaintiff was informed of his rights and responsibilities to respond (Doc. 19), and Plaintiff opposes the Motion (Doc. 25). For the following reasons, Defendant's Motion to Dismiss will be granted.

## I. Plaintiff's First Amended Complaint[1]

In his 128-page FAC, Plaintiff brings eight counts against Defendant RTX Corporation ("Defendant" or "RTX"). (Doc. 13.)[2] Plaintiff's claims generally arise out of

---

[1] As Defendant notes, Plaintiff's FAC does not comply with Local Rule of Civil Procedure 15.1(b), which requires the amending party to file a separate notice with a copy of the amended complaint that indicates how it differs from the original, "by bracketing or striking through the text that was deleted and underlining the text that was added." (*See* Doc. 13); LRCiv 15.1(b). Defendant also correctly highlights that the FAC does not satisfy Rule 10(b) of the Federal Rules of Civil Procedure because it is not organized into numbered paragraphs. (*See* Doc. 13); Fed. R. Civ. P. 10(b).

[2] All record citations refer to the page numbers generated by the Court's electronic filing

his former employment with Defendant and specific events following an alleged workplace injury on July 24, 2023. (*Id.* at 1-3.) Plaintiff alleges that he tripped over an improperly parked forklift in a poorly lit and congested walkway at Defendant's facility, resulting in significant injuries. (*Id.*) Based on these events and other workplace grievances, Plaintiff brings the following claims.

In Count I, Plaintiff claims that Defendant engaged in "gross negligence" by failing to comply with OSHA standards and that it breached its legal duty to provide a safe workplace, as required by OSHA, leading to his injury involving the forklift. (Doc. 13 at 2.) In Count II, Plaintiff alleges Defendant breached his employment contract by not adhering to its Code of Conduct and failing to investigate Plaintiff's complaints. (*Id.* at 29.) In Count III, Plaintiff accuses Defendant of negligent and intentional misrepresentation based on its failure to follow its Code of Conduct. (*Id.* at 33.) In Count IV, Plaintiff alleges that Defendant failed to maintain a safe work environment, in violation of OSHA. (*Id.* at 47.) In Count V, Plaintiff claims that Defendant discriminated against him based on age, in violation of the Age Discrimination in Employment Act ("ADEA"). (*Id.* at 54.) In Count VI, Plaintiff alleges sex discrimination under Title VII of the Civil Rights Act of 1964, claiming Defendant treated female employees more favorably. (*Id.* at 64.) In Count VII, Plaintiff claims that Defendant retaliated against him for filing EEOC and internal complaints by fabricating insubordination claims and denying him work opportunities, in violation of Title VII. (*Id.* at 65.) In Count VIII, Plaintiff alleges that Defendant allowed a hostile work environment, in violation of Title VII. (*Id.* at 76.)

As relief, Plaintiff seeks compensatory damages of "approximately $500,000" and punitive damages of $250,000,000. (*Id.* at 128.)

**II. Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's FAC with prejudice and without leave to amend under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). (Doc. 16.) First, Defendant argues that the FAC violates Rule 8(a)(2) because it does not provide a short

---

system.

and plain statement of Plaintiff's claims. (*Id.* at 15-16.) Specifically, Defendant contends that the FAC fails to provide fair notice of the claims against it because the FAC is excessively long, disorganized, and relies on irrelevant and conclusory allegations. (*Id.* at 17-18.)

Next, Defendant asserts that the FAC fails to state any claim upon which relief can be granted. (*Id.* at 19.) Specifically, Defendant argues that Arizona's workers' compensation statute bars Plaintiff's workplace injury claims (Counts I and IV), and that any claims based on OSHA regulations are foreclosed because OSHA affords no private right of action. (*Id.* at 19-21.) Defendant contends that Plaintiff's breach of contract and misrepresentation claims (Counts II and III) fail because they are based on the company's Code of Conduct, which is not an enforceable contract. (*Id.* at 21-22.) Defendant urges the Court to dismiss the sex discrimination claim (Count VI) for lack of subject matter jurisdiction because it was not raised in Plaintiff's EEOC charge and, therefore, was not administratively exhausted. (*Id.* at 22-23.) Defendant argues that the age discrimination claim (Count V) should be dismissed because it relies on vague and conclusory allegations without specific facts that reasonably suggest that Plaintiff's supervisors acted with discriminatory intent. (*Id.* at 23-26.) Defendant contends that the retaliation claim (Count VII) fails because Plaintiff does not allege that he engaged in protected activity or experienced a materially adverse employment action. (*Id.* at 26-28.) Finally, Defendant argues that the hostile work environment claim (Count VIII) fails because it lacks allegations of conduct that was severe or pervasive, or connected to any protected trait. (*Id.* at 28-29.)[3]

In his Response, Plaintiff asserts that Defendant promised a safe, non-retaliatory workplace, and yet, he was subject to retaliation, including a strategically timed "happy hour" intended to "stop [Plaintiff's] co-workers from attending his farewell gathering,"

[3] If the Court declines to dismiss this action, Defendant requests that the Court strike the defamatory and irrelevant allegations made by Plaintiff about his former co-workers, in accordance with Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 16 at 17.) Because the Court is dismissing the FAC, Defendant's request to strike these allegations will be denied as moot.

management inquiries about his ethics complaints, and the denial of a going-away celebration. (Doc. 25 at 2-3.) He maintains that his sex discrimination claim is viable despite not being included in his EEOC charge because Defendant "brought it up." (*Id.* at 4.) He argues that his age discrimination claim is best supported by witness testimony. (*Id.*) Plaintiff insists that he will substantiate a hostile work environment claim through discovery. (*Id.* at 5-6.) Finally, Plaintiff requests that the Court deny Defendant's Motion and grant him leave to amend his Complaint. (*Id.* at 7.)

In its Reply, Defendant asserts that Plaintiff's Response does not dispute Defendant's arguments that the workplace injury claims are preempted by Arizona's workers' compensation statute, that OSHA does not provide a private right of action, and that the RTX Code of Conduct does not constitute a contract for purposes of the breach of contract and misrepresentation claims. (Doc. 26 at 5-6.) Furthermore, Defendant argues that the sex discrimination claim must be dismissed because Plaintiff admits that he did not exhaust his administrative remedies. (*Id.* at 6.) With respect to Plaintiff's age discrimination, retaliation, and hostile work environment claims, Defendant asserts that Plaintiff fails to allege sufficient facts to state claims upon which relief can be granted. (*Id.* at 7-10.)

**III. Failure to State a Claim**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's 128-page FAC falls far short of the pleading standards of Rule 8(a)(2). The FAC is excessively lengthy, confusing, and filled with irrelevant, conclusory, and speculative allegations, and it fails to provide fair notice of the legal and factual basis for Plaintiff's claims.[4] *See Twombly*, 550 U.S. at 555 (Rule 8(a)(2) requires a statement that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests" (internal quotations and alterations omitted)).

The FAC also fails to state any claim upon which relief can be granted, and dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted. Counts I and IV, Plaintiff's workplace injury claims, fail to the extent they are premised on OSHA violations because "OSHA violations do not themselves constitute a private cause of action for breach." *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994). To the extent Counts I and IV allege "gross negligence," the claims are barred by Arizona's workers' compensation statute, which provides the exclusive remedy for workplace injuries unless the employer engaged in "willful misconduct," which Plaintiff has not plausibly alleged. Ariz. Rev. Stat. §§ 23–1022(A)-(B); *Gamez v. Brush Wellman, Inc.*, 34 P.3d 375, 378 (Ariz. App. 2d Div. 2001) (noting that "[i]t is well settled that work-related injury claims are generally redressed exclusively under Arizona's workers' compensation scheme" and holding that

[4] The FAC spans 128 single-spaced pages and includes wide-ranging allegations that often bear little connection to Plaintiff's legal claims, such as accusations that Defendant's managers committed perjury, conspired to obstruct workers' compensation proceedings, and engaged in other criminal conduct. (*See, e.g.*, Doc. 13 at 14-15, 19-20.) Additionally, a significant portion of the FAC includes negative remarks about Plaintiff's former co-workers that are unrelated to his legal claims. (*See, e.g.*, *id.* at 76-66.)

"[g]ross negligence is not sufficient to establish willful misconduct").

Plaintiff's breach-of-contract claim in Count II must be dismissed because the FAC fails to allege sufficient facts showing that RTX's Code of Conduct created any enforceable obligations for the employer. As the Arizona Supreme Court has explained, an employer's policy statement is contractual "only if it discloses a promissory intent or is one that the employee could reasonably conclude constituted a commitment by the employer." *Demasse v. ITT Corp.*, 984 P.2d 1138, 1143 (Ariz. 1999) (internal quotations and alterations omitted). A statement that merely describes "present policies" is not a promise and cannot be reasonably relied upon as a commitment. *Id.* Count III, the misrepresentation claim, must be dismissed because Plaintiff fails to identify a specific, knowingly false statement of material fact that he reasonably relied upon to his detriment. *See Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 340 (Ariz. App. 1st Div. 1996).

In Count VI, Plaintiff brings a claim of sex discrimination under Title VII. "To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. Eng.*, 307 F.3d 1092, 1103 (9th Cir. 2002). Claims not included in an EEOC charge are barred unless they are "reasonably related to the allegations contained in the EEOC charge." *Id.* at 104. Plaintiff does not claim that he included a sex discrimination allegation in his EEOC charge or that such a claim is reasonably related to the allegations he did raise. (Doc. 25 at 4.) The Court, therefore, lacks subject matter jurisdiction over Count VI.

Finally, Plaintiff's claims for age discrimination, retaliation, and hostile work environment (Counts V, VII, and VIII) must be dismissed because they are based on speculative and conclusory allegations, rather than specific facts showing that Plaintiff personally experienced adverse treatment based on a protected characteristic or activity.

**IV. Dismissal Without Leave to Amend**

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted); *see also Chodos v. W. Publg. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (internal quotations omitted)).

Here, Plaintiff has already been afforded an opportunity to amend his Complaint, yet his 128-page FAC remains woefully deficient. The FAC fails to state any viable claim and is "verbose, confusing and almost entirely conclusory." *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal with prejudice under Rule 41(b) of a complaint that violated Rule 8(a) by being "verbose, confusing and almost entirely conclusory"). Furthermore, it is riddled with irrelevant and speculative information. For example, Plaintiff spends a considerable amount of time disparaging his former coworkers, even alleging, without evidence, that one coworker was "bullied, harassed, intimidated, transferred and demoted" to the point that he "decided to end it all by committing suicide." (Doc. 13 at 76-77, 117.) Additionally, Plaintiff devotes many pages to conspiratorial claims about criminal allegations and to discussing grievances involving other employees. (*Id.* at 14-16, 19-21, 117-120.) Given the many defects identified in the FAC, it does not appear that Plaintiff could craft a viable complaint if given another opportunity to amend. Plaintiff's other filings—including his original Complaint and his Response to Defendant's Motion to Dismiss—also support the conclusion that allowing further amendment would be futile. Accordingly, the Court will dismiss the FAC without further leave to amend.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 16) is **granted**. Plaintiff's First Amended Complaint (Doc. 13) and this action are **dismissed with prejudice**. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

Dated this 30th day of July, 2025.

Honorable Rosemary Márquez
United States District Judge